437 S.E.2d 738

**In the Matter of Honorable George W. HILL, Jr., Judge, Circuit Court of Wood County.**

**No. 21500.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 14, 1993.

Decided Oct. 25, 1993.

Concurring Opinion by Justice Neely, Dec. 16, 1993.

James I. Stealey, Goldenberg, Goldenberg & Stealey, Parkersburg, WV, for Judge Hill.

Charles R. Garten, Charleston, WV, for Judicial Investigation Com'n.

BROTHERTON, Justice:

This case is before this Court for review of the West Virginia Judicial Hearing Board's May 12, 1993, recommendation that charges against Judge George W. Hill, Jr., Fourth Judicial Circuit, Wood County, West Virginia, be dismissed. " ' "The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial [Hearing] Board in disciplinary proceedings." Syl. pt. 1, *West Virginia Judicial Inquiry Commission v. Dostert* 165 W.Va. 233, 271 S.E.2d 427 (W.Va.1980).' Syllabus, *Matter of Gorby*, 176 W.Va. 11, 339 S.E.2d 697 (1985)." Syllabus point 1, *Matter of Crislip*, 182 W.Va. 637, 391 S.E.2d 84 (1990).

On November 13, 1992, the Judicial Investigation Commission of West Virginia filed a complaint with the Judicial Hearing Board which alleged that Judge Hill had violated Canon 2 and Canon 7 B(1) and (2) of the Judicial Code of Ethics. Judge Hill admitted that the factual allegations contained in the complaint were true, but he denied violating any of the canons of the Judicial Code of Ethics.

During the 1992 election, Judge Hill ran as an unopposed candidate for Division 1, Circuit Judge, Fourth Judicial Circuit, Wood County, West Virginia. At the time, Judge Hill was a sitting circuit judge in the Fourth Judicial Circuit. In October, 1992, Judge Hill's reelection committee paid for a campaign advertisement which was run with Judge Hill's approval.

This advertisement is at the center of the controversy in this case because voters were urged to "Vote For The Best," the Democratic team of Judge Hill and Robert W. "Bob" Friend, who was a candidate for Circuit Judge, Division II. The advertisement first appeared in the October 14–20 edition of a local shopping magazine known as the "Bulletin Board." In the ad, Hill and Friend were described as "Mature—Qualified" and "Competent—Confident—Compatible," and voters were informed that, "This Team Will Work For You." A similar ad which appeared in the October 21, 1992, *Wirt County Journal* added that "Judge Hill Needs a FRIEND In The Courtroom."

On October 16, 1992, Wood County Chief Circuit Judge Arthur N. Gustke wrote a letter to the Judicial Investigation Commission in which he alleged that Judge Hill had engaged in improper political activity by endorsing a candidate for political office. Judge Gustke related how "[a]pproximately three and one-half years ago Judge George Hill came to my office and adamantly insisted that I join him in condemning former Judge Donald F. Black for his endorsement of a political candidate in an election. At the time of Judge Black's endorsement, he was not on the bench, having retired, was not actively serving as a judge, and was not a candidate for any office." Judge Gustke stated that "it appears to me that Judge Hill is violating the very rule which he so adamantly wanted to uphold when another judge was involved."

In his complaint, Judge Gustke referred to a September 30, 1991, letter from W. Jack Stevens, Chairman of the Judicial Investigation Commission, and said that "I have been very reliably informed that Judge Hill is fully aware of the contents of this letter." The letter was a response to an inquiry Judge Hill directed to the Judicial Investigation Commission, seeking an advisory opinion on the following questions:

1. May a judge who *is* a candidate for reelection publicly endorse another candidate for judicial office whose election to office the judge believes would promote the proper administration of justice?

*and*

2. May a judge (whether a candidate or not) publicly *oppose* the candidacy for judicial office of a lawyer whom the judge believes to be unsuitable for judicial office and whose election would, in the judge's opinion, be detrimental to the proper administration of justice?

Judge Hill was informed that "[i]n answer to both questions, the provisions set forth in 7B(1) and (2) would prohibit such activity."

In an October 13, 1992, memorandum, Judge Gustke warned judicial candidates against endorsing other candidates. Judge Gustke wrote that, "I am informed that it is the Judicial Investigation Commission's position that endorsing another candidate by word or actions is strictly prohibited."

On October 19, 1992, the Judicial Investigation Commission found probable cause to file a complaint against Judge Hill with the Judicial Hearing Board. Judge Hill was charged with violating Canon 2 and Canon 7 B(1) and (2) of the Judicial Code of Ethics.

■ The Judicial Investigation Commission now urges this Court to reject the Judicial Hearing Board's recommendation that charges against Judge Hill be dismissed. The Commission argues that the record in this case offers clear and convincing evidence that Judge Hill's actions violated Canon 2 and Canon 7 B(1) and (2) of the Judicial Code of Ethics.

The Judicial Code of Ethics has now been superseded by the Code of Judicial Conduct, which was adopted by order entered October 21, 1992, and became effective January 1, 1993. However, Canon 2 of the former Judicial Code of Ethics provided that:

A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities.

A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the Judiciary.

B. A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.

Canon 7 B(1) and (2) of the old Judicial Code of Ethics stated:

A Judge Should Refrain from Political Activity Inappropriate to His Judicial Office

. . . . .

B. *Campaign Conduct.*

(1) A candidate, including an incumbent judge, for a judicial office that is to be filled by public election between competing candidates:

(a) should maintain the dignity appropriate to judicial office, and should encourage members of his family to adhere to the .same standards of political conduct that apply to him;

(b) should prohibit public officials or employees subject to his direction or control from doing for him what he is prohibited from doing under this Canon; and except to the extent authorized under subsection B(2), he should not allow any other person to do for him what he is prohibited from doing under this Canon;

(c) should not make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office; announce his views on disputed legal or political issues; or misrepresent his identity, qualifications, present position, or other fact.

(2) A candidate, including an incumbent judge, for a judicial office that is to be filled by public election between competing candidates should not himself solicit or accept campaign funds, or solicit publicly stated support, but he may establish committees of responsible persons to secure and manage the expenditures of funds for his campaign and to obtain public statements of support for his candidacy. Such committees are not prohibited from soliciting campaign contributions and public support from lawyers. A candidate's committees may solicit funds in accordance with the state law. A candidate should not use or permit the use of campaign contributions for the private benefit of himself or members of his family.

Most significant to our decision in this case, however, is Canon 7 A(1)(b), which states that "[a] judge who is not a candidate for election or reelection should not make speeches for a political organization or candidate or publicly endorse a candidate for public office...." Judge Hill argues that a strict construction of Canon 7 A(1)(b) permits the conduct which the Commission claims constitutes a violation of Canon 2 and Canon 7 B(1) and (2). We agree that Canon 7 A(1)(b) does not prohibit the conduct complained of in this case.

Canon 7 A(1)(b) is plain and unambiguous. It clearly states that a judge *who is not* a candidate may not publicly endorse a candidate for public office. Just as clearly, this canon does not prohibit the endorsement of a candidate by a judge *who is* a candidate. Unlike either Canon 2 or Canon 7 B(1) and (2), Canon 7 A(1)(b) specifically addresses the question of whether a judge can publicly endorse a candidate for public office. " 'A specific section of a statute controls over a general section of the statute.' Syllabus Point 2, *State ex rel. Myers v. Wood,* 154 W.Va. 431, 175 S.E.2d 637 (1970)." Syllabus point 2, *Matter of Vandelinde,* 179 W.Va. 183, 366 S.E.2d 631 (1988). Canon 7 B(1) and (2) speaks more generally to campaign activities deemed inappropriate for judges to engage in and is not controlling in this instance. Likewise, Canon 2 is general in nature. Moreover, this Court has previously cautioned that "Canon 2A should not be used as a 'catch all' to charge and dispose of any unseeming conduct which cannot be said to violate any of the other Canons of Ethics." *West Virginia Judicial Inquiry Commission v. Casto,* 163 W.Va. 661, 668, 263 S.E.2d 79, 83 (1979).

It is obvious that Canon 7 A(1)(b) was poorly drafted because, technically, perhaps through oversight, the endorsement of candidates by judges running for reelection was not prohibited. There is ample evidence that Judge Hill was fully aware that he should not endorse another judicial candidate. In fact, he himself had once frowned upon such conduct. In spite of our holding herein, we wish to make it clear that in no way do we condone the manner in which Judge Hill circumvented the spirit and intent of the ethical canons.

We should point out that the new Code of Judicial Conduct now specifically proscribes the conduct complained of in this case. Canon 5 A(1)(b) of the Code of Judicial Conduct, effective January 1, 1993, clearly states that *a judge or a candidate* for election or appointment to judicial office shall not "publicly endorse or publicly oppose another candidate for public office." (Emphasis added). Thus, the technical deficiency in the old Judicial Code of Ethics which was exposed in this matter has obviously been corrected, leaving

no doubt that the endorsement of candidates by judges, candidates or otherwise, is not permitted.

For the reasons discussed above, we order that the complaint against Judge Hill be dismissed.

Complaint dismissed.

NEELY, Justice, concurring:

In West Virginia, we have a system in which judges are elected, not appointed. If the citizens wanted appointed judges, they could have opted for appointed judges in the Judicial Reorganization Amendment of 1974. Accordingly, I disapprove of the efforts in the *Judicial Code of Ethics* and the new *Code of Judicial Conduct* to imply that judges are not political animals. In this State at least, we are. In order to be elected, we must run on party slates and we must win elections, primary and general.

To accuse Judge Hill of engaging in improper activity and to imply that his behavior is reprehensible is thus tantamount to buying a junkyard dog to guard your junkyard and then complaining that the creature is not an ideal companion for your minor children.